## COMMONWEALTH *versus* JOHN GETCHELL.

While a convict in the State prison was liable to additional punishment, under
*St.* 1827, *c.* 118, in consequence of having been twice convicted and *sentenced* to
confinement, the *St.* 1832, *c.* 73, was passed, by which a convict was liable to
additional punishment only in case he had been twice *discharged* from imprison-
ment, but before the prisoner was released from imprisonment upon his second
sentence, this statute was repealed.  It was *held,* (the statute of 1827 not being
*repealed,*) that the *statute of 1832, operated to suspend,* so long as it remained in
force, but not to discharge, the prisoner's liability to additional punishment.

THIS was an appeal from a judgment of the Municipal
Court, rendered in February 1835, upon an information pray-
ing that the defendant, who was a convict in the State prison,
might be sentenced to additional punishment.  The informa
tion stated, that in February 1827, the prisoner was indicted
and convicted of forgery and sentenced to hard labor in the
State prison for five years, and that he was discharged in
February 1830, part of the sentence being remitted ; and that
in April 1831, he was indicted and convicted of forgery, and
sentenced to hard labor in the State prison for four years.
The prisoner demurred to the information, but the Municipal
Court overruled the demurrer, and sentenced him to an addi-
tional punishment by confinement to hard labor for two years.

*March 30th.*    *Leland,* for the defendant.

*Austin,* Attorney General, for the Commonwealth.

*April 8th.*    WILDE J. delivered the opinion of the Court.  In this
case the defendant has been but twice convicted, and but
once discharged.  He would not, therefore, under the statute
of 1832, *c.* 73, be liable to an additional punishment.  We

apprehend that the act was not intended to have such an effect ; but the language of the statute is express, and it will admit of but one construction. That statute, however, has been repealed by the statute of 1833, *c.* 85, and the question is, whether the suspension of the liability of the defendant, while the former statute continued in force, is a legal discharge of his liability at the time of his second conviction. And we are of opinion that it is not. The offence for which he was a second time convicted, was committed, and ne was also convicted, before the passage of the statute of 1832.

If the crime had been committed, or if the defendant had been convicted, during the time that the statute of 1832 was in force, the repealing statute of 1833 might be considered as an *ex post facto* law in regard to him. But as the conviction took place in 1831, and he was then liable to the additional punishment, the act of 1832 operated only as a suspension of his liability, and not in nature of a pardon. That act having been repealed, his liability remains as it was at the time of his conviction.

*Demurrer overruled.*